IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

SEP 03 2021

Per_____
DEPUTY CLERK

RUSSELL WHITE, JUSTIN GIBBONS, : CIVIL ACTION
GAGE CARA, SHAWN HARNER, :
JOSEPH BREINER and CYNTHIA :
SALVADOR, :
      Plaintiffs, :
       : No.: 3:20-cv-02059-MEM
v. :
 :
COMMONWEALTH OF PENNSYLVANIA,:
JOHN E. WETZEL, in his Personal :
Capacity and in his official Capacity as :
SECRETARY OF CORRECTIONS OF :
THE COMMONWEALTH OF :
PENNSYLVANIA, :
      Defendant. : JURY TRIAL DEMANDED

## ORDER

AND NOW, this 3rd day of September, 2021 this matter having come before the Court on Plaintiff's request for a discovery conference, and such conference having occurred on August 31, 2021, it is hereby ORDERED as follows:

1. Defendants will promptly produce the investigative documents in the possession of the Department of Corrections and/or SCI Fayette into the death of Inmate Joseph Gacha, including but not limited to those received from third party sources, and any communications between the local administration at SCI Fayette and the Department of Corrections Central Office (including but not limited to communications with the Office of the Secretary of Corrections and the Department of Corrections Public Safety HR Delivery Center) relating to the death of Inmate Gacha.

2. The documents or other things produced in response to this Order will be subject to the Confidentiality Agreement entered into by the parties through their counsel on April 13, 2021, which is incorporated herein, and modified pertaining to the

documents produced in response to this Order to impose a restriction of "Attorney Eyes Only."  David L. Deratzian, Esquire, and with him, Hahalis & Kounoupis, P.C. may not disseminate these materials to any person or entity, including the Plaintiffs, that is not acting as the agent of Plaintiff's counsel, without the agreement of the parties or further Order of the Court.  This designation shall not be construed to inhibit the communications between Plaintiff's counsel and Plaintiffs as to the effect that the information may have on their claims, other than to prohibit counsel from disclosing the documents themselves.

3. This Order is entered without prejudice to the right of any party to object to further production or similar or related documents, and the relevancy or admissibility of said documents; nor to limit any party from seeking further discovery into the matters disclosed pursuant to this Order.

4. The form and content of this Order has been stipulated and agreed among the parties.

BY THE COURT:

MANNION, U.S.D.J.